IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION**, *as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1,*<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**THOMAS A. MAGGIO,** *et al.*,<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-CV-846-GPM |

## ORDER

**MURPHY, District Judge:**

Before the Court is Plaintiff U.S. Bank National Association's notice of voluntary dismissal of defendant United States of America on behalf of the Internal Revenue Service and motion to remand to state court (Doc. 8). The United States does not oppose the motion (Doc. 9). To date, Thomas A. Maggio and the other defendants have not appeared in this action.

Plaintiff originally filed this mortgage-foreclosure action in the Circuit Court of the Twentieth Judicial Circuit of Illinois, Case No. 11-CH-960. The United States held a lien on the property and was therefore named as a defendant along with Thomas A. Maggio, Stephanie B. Maggio, Ameritech Publishing of Illinois, Inc., the State of Illinois Department of Revenue, and unknown owners and nonrecord claimaints.

1

The United States removed the action to this Court under 28 U.S.C. §§ 1444, 1442(a), 2410, and 1441(c) (Doc. 3). Shortly after, however, the United States disclaimed all interest in the subject property and notified the Court that it would not object to a motion to remand (Doc. 7). The United States has not otherwise answered or filed a motion for summary judgment. Plaintiff then filed the instant motion to remand on November 10, 2011 (Doc. 8), and the United States responded to reiterate it does not oppose the motion (Doc. 9). As stated above, the other defendants have not yet appeared. Ordinarily they would have until December 12, 2011, to respond to plaintiff's motion. *See* SDIL-LR 7.1(c)(1) (30 days to respond to a motion to remand); Fed. R. Civ. P. 6(a)(1)(C) (when the last day is a Saturday, Sunday, or legal holiday).

A plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The same rule allows for the dismissal of all claims against a particular defendant. *Baker v. America's Mortg. Servicing, Inc.*, 58 F.3d 321, 324 n.2 (7th Cir. 1995). Since the United States has not served an answer or a motion for summary judgment, Plaintiff can dismiss it without a court order. Accordingly, the Court **ACKNOWLEDGES** Plaintiff's notice of dismissal of the United States.

Since the Court has **ACKNOWLEDGED** Plaintiff's notice of dismissal, the Court must now consider whether the absence of the United States divests this Court of jurisdiction. An action affecting property on which the United States has a lien may be removed by the United States. 28 U.S.C. §§ 1444 and 2410; *see also City of Joliet, Ill. v. New West, L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) ("[T]he presence of the national government as a party with a

security interest in the real estate supplies jurisdiction.").[1] Moreover, a civil action commenced in state court against the United States or any agency thereof may be removed by the United States. 28 U.S.C. § 1442(a). Thus, the only basis for removal here was the existence of the United States as a defendant and its lien on the property at issue.

As a general principle, "jurisdiction once properly invoked is not lost by developments after a suit is filed . . . ." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). Moreover, when all of the federal claims that authorized removal drop out of the case before trial, under 28 U.S.C. § 1367(c)(3) it is within the Court's discretion whether to remand the existing state-law claims to state court. *See Helms v. Atrium Health Care & Rehab. Ctr. of Cahokia, LLC*, Civil No. 10-547-GPM, 2010 U.S. Dist. LEXIS 106363 (S.D. Ill. Oct. 5, 2010). The analysis employed in *Helms* extends to the instant case. When the United States' presence as a party to the case was the basis for removal, and is later dismissed as a party, then it is within the Court's discretion whether to remand the existing state-law claims to state court.[2]

Since the issue of remand requires the use of this Court's discretion, the Court must determine whether remanding the case to state court is appropriate. In contemplating this decision, the Court must consider the following: whether the statute of limitations would bar the refiling of the claim(s) in state court; whether the court has invested substantial federal judicial resources in the claim(s); and whether it is obvious how the claim(s) should be

---

[1] Section 2410 does not itself confer federal jurisdiction; it waives sovereign immunity. *E.g.*, *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002).

[2] The Court does not find Plaintiff's assertion that this Court has lost its basis for subject matter jurisdiction (Doc. 8) to be accurate.

3

decided. *Id*. at \*19-\*20, (citing *Sharp Elecs. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009); *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)).

In the instant case, none of these considerations favor the retention of jurisdiction. U.S. Bank National Association will not be time-barred if the Court declines to exercise jurisdiction. This case was removed less than three months ago, and therefore this Court has dedicated little resources to this case. Finally, it is not obvious to this Court how the claims in this case should be decided. Based on the preceding analysis, Plaintiff's motion to remand is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit of Illinois.

**IT IS SO ORDERED.**

DATED: December 13, 2011

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge